UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

INTERNATIONAL UNION OF
OPERATING ENGINEERS,

    Plaintiff,

v.     Case No.

SWAN HOTEL ASSOCIATES d/b/a
THE WALT DISNEY WORLD SWAN HOTEL,
DOLPHIN HOTEL ASSOCIATES d/b/a
THE WALT DISNEY WORLD DOLPHIN HOTEL,
WESTIN ORLANDO MANAGEMENT COMPANY,
SHERATON OPERATING CORPORATION,
METROPOLITAN LIFE INSURANCE COMPANY,
TISHMAN REALTY AND CONSTRUCTION CO., and
JOHN DOE CORPORATIONS 1 THROUGH 10,

    Defendants.
_____/

## COMPLAINT

Plaintiff International Union of Operating Engineers ("**IUOE**") sues defendants Swan Hotel Associates d/b/a The Walt Disney World Swan Hotel, Dolphin Hotel Associates d/b/a The Walt Disney World Dolphin Hotel, Westin Orlando Management Company, Sheraton Operating Corporation, Metropolitan Life Insurance Company, Tishman Realty and Construction Co., and John Doe Corporations 1 through 10 (the defendants are referred to collectively as the "**Hotel**"), seeking declaratory judgment under 28 U.S.C. §

2201, 28 U.S.C. § 2202, and Fed. R. Civ. P. 57. In support of its Complaint, IUOE alleges:

## Nature of the Dispute

1. On December 11, 2018, IUOE and the Hotel entered into a contract wherein the Hotel would host IUOE's 2022 annual conference, in Lake Buena Vista, Florida (the "**Contract**"). A true and correct copy of the Contract is attached as "**Exhibit A**."

2. IUOE invoked the force majeure provision of the Contract as a result of the ongoing Novel Coronavirus Disease 2019 ("**COVID-19**") pandemic, the continued threat of the Delta variant, the rising threat of the Omicron variant, and the serious risks that attending an indoor conference would create for the health and well-being of its 400 attendees from the United States and Canada at an event scheduled for early 2022. The Hotel disagrees that the force majeure provision applies and claims that IUOE is liable for a cancellation fee.

3. IUOE seeks a judgment declaring that it had the right to cancel the Contract, that the parties' performance of the Contract is illegal, impossible or impracticable due to the COVID-19 pandemic, or that IUOE's performance is excused due to frustration of the purpose of the Contract. Under each theory, IUOE requests a judgment declaring that it is not liable to the Hotel for cancellation fees or other alleged damages.

## Parties, Jurisdiction and Venue

4. International Union of Operating Engineers is an unincorporated labor organization with its principal place of business located in Washington, D.C.

5. Swan Hotel Associates is a Florida general partnership with its principal place of business located in Florida and doing business as The Walt Disney World Swan Hotel.

6. Dolphin Hotel Associates is a Florida general partnership with its principal place of business located in Florida and doing business as The Walt Disney World Dolphin Hotel.

7. Westin Orlando Management Company is a Delaware corporation. Upon information and belief, its principal place of business is located in Delaware and it is doing business in Florida managing the Hotel.

8. Sheraton Operating Corporation is a Delaware corporation with its principal place of business located in New York and doing business in Florida managing the Hotel.

9. Metropolitan Life Insurance Company is a Delaware corporation with its principal place of business located in New York and doing business in Florida as part owner of the Hotel.

10. Tishman Realty and Construction Co. is a Delaware corporation with its principal place of business located in New York and doing business in Florida as part owner of the Hotel.

11. John Doe Corporations 1 through 10 are potential successors in interest to the Contract currently unknown to IUOE. IUOE is diligently working to identify any such entities.

12. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332(a) as it is a civil action between citizens of different states, IUOE does not share citizenship with any of the defendants, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

13. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this district. Additionally, the Contract states that the parties "agree not to contest jurisdiction or venue in Orange County, Florida." Ex. A at 12.

**Statement of Facts**

14. Pursuant to the Contract, IUOE's 2022 winter meetings would take place at the Hotel from January 27, 2022 through February 05, 2022. The terms of the Contract include an anticipated guest room revenue of $697,463.00 and minimum banquet and food and beverage revenue of $350,000.00. *Id.* at 11. Approximately 400 participants were expected to attend

the IUOE's winter meetings, traveling from all 50 states in the United States and from Canada.

15. The Contract contemplates several deadlines for its cancellation, unless one of the parties invokes the force majeure provision. *Id.* at 11. Relevant to defendants' apparent position, if IUOE "canceled" the event on or after August 1, 2021, IUOE becomes obligated to pay a fee equaling 100% of the total anticipated revenue, for a total of $1,047,463.00. *Id.*

16. Under the "Force Majeure" section, the Contract states:

> [t]he performance of this Agreement by either party is subject to acts of God, government authority, disaster, or other emergencies, any of which make it illegal or impossible to provide the facilities and/or services for your meeting. It is provided that this Agreement may be terminated for any one or more of such reasons by written notice from one party to the other without liability.

Ex. A at 11.

17. The Contract further states that in the event of litigation, "the prevailing party shall be entitled to recover reasonable attorneys' fees and costs." *Id.* at 12.

18. On January 20, 2020, the Center for Disease Control ("CDC"), confirmed the first case of COVID-19 in the United States in Washington state.[1]

---

[1] Center for Disease Control, https://www.cdc.gov/museum/timeline/covid19.html#:~:text=January%2020%2C%202020%20CDC,18%20in%20Washington%20state (last accessed December 28, 2021).

5

19. On March 9, 2020, Florida Governor Ron DeSantis declared a state of emergency in Florida due to the spread of COVID-19.

20. By June 2020, it was clear that COVID-19 cases in Florida were increasing at an alarming rate and the number of cases in Florida were among the highest in the United States.[2]

21. Today, the COVID-19 virus continues to spread across the world as different variants of the virus evolve and spread throughout the populace. In December 2020, the Delta variant was first identified in India and made its way to the United States in March 2021.[3]

22. By September 2021, Florida surpassed 50,000 deaths following the surge of the Delta variant.[4]

23. Following shortly on the heels of the spike in cases of the Delta variant, in November 2021 the COVID-19 Omicron variant emerged in South

---

[2] *See, e.g.*, Miriam Berger, *U.S. sets another single-day record for new coronavirus cases, surpassing 40,000 for first time*, The Washington Post (June 27, 2020), https://www.washingtonpost.com//nation/2020/06/26/coronavirus-live-updates-us/ (noting that seven states, including Florida, had set their own records for average number of new cases reported over past seven days); *2,581 new cases: Florida sees third consecutive day of largest single-day spike of COVID-19 cases*, 10 Tampa Bay WTSP News Site (June 13, 2020), https://www.wtsp.com/article/news/health/coronavirus/highest-spike-of-covid19-cases-in-florida-june-13/67-367168c5-dcb9-4355-8c5d-54c951215928.

[3] Brenda Argueta, *COVID-19 delta variant cases double in US over 2 weeks, new CDC data projects*, Click Orlando (June 23, 2021), https://www.clickorlando.com/news/local/2021/06/23/covid-19-delta-variant-cases-double-in-us-over-2-weeks-new-cdc-data-projects/.

[4] Terry Spencer and Adriana Licon, *Florida surpasses 50K COVID deaths after battling delta wave*, ABC News (September 16, 2021), https://abcnews.go.com/Health/wireStory/ florida-surpasses-50k-covid-deaths-battling-delta-wave-80065974.

Africa. On December 1, 2021, the CDC announced the first confirmed case of the Omicron variant in the United States.[5] With alarming rapidity, the Omicron variant has now spread to all 50 states in the US.[6]

24. In response to the spread of the Omicron variant, the CDC has emphasized the importance of prevention strategies necessary to protect against COVID-19 including avoiding indoor spaces and crowds.[7] The CDC has specifically re-emphasized that large groups should not gather and that people should socially distance, among other guidance.[8]

25. Both the COVID-19 Omicron and Delta variant continue to be a serious threat to public safety. On December 15, 2021, Orange County Mayor Jerry Demings stated that the Omicron variant is prevalent in all three wastewater testing samples taken by the county.[9]

26. As of December 20, 2021, Omicron was considered the dominant strain in Florida making up 73% of new COVID-19 cases within a week.[10]

---

[5] Center for Disease Control, https://www.cdc.gov/media/releases/2021/s1201-omicron-variant.html (last accessed December 20, 2021).
[6] Alicia Lozano, *Omicron hits all 50 states less than a month after entering U.S.*, NBC News (December 22, 2021), https://www.nbcnews.com/news/us-news/omicron-hits-50-states-less-month-entering-us-rcna9692.
[7] Center for Disease Control, https://www.cdc.gov/coronavirus/2019- ncov/yourhealth/gatherrings.html (last accessed December 20, 2021).
[8] *Id. See also* https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html (last accessed December 23, 2021) ("How to Protect Yourself & Others").
[9] Luana Munoz, *Mayor: Omicron variant prevalent in Orange County water, but delta remains predominant*, Wesh (December 15, 2021), https://www.wesh.com/article/orange-county-covid-update-dec-15/38530500#.
[10] Caroline Catherman, *Omicron now dominant in the U.S.; experts predict COVID-19 hospitalizations in Central Florida, urge boosters,* Orlando Sentinel (December 20, 2021),

According to the Orlando Sentinel, "since its discovery, [O]micron has rapidly multiplied in Central Florida."[11]

27. In December 2021, the World Health Organization also cautioned the public against gathering in large groups, noting that "an event cancelled is better than a life cancelled."[12]

28. As of December 22, 2021, due to COVID-19 cases surging in Florida, criminal courts in Miami-Dade County have paused jury trials.[13] Based on the prior responses to COVID-19 and the Delta variant, it is expected that many other Florida courts, government agencies, and private businesses will soon be imposing restrictions to stem the spread of the Omicron variant.

29. As of December 21, 2021, Canada updated its testing requirements for short international trips and it also reinstated its advisory against any non-essential international travel due to the rapid spread of the Omicron variant.[14]

---

https://www.orlandosentinel.com/coronavirus/os-ne-coronavirus-omicron-breakthrough-waning-immunity-20211220-fudd4a6ykfdmbbk7b4bjweeptq-story.html.
[11] *Id.*
[12] Elliot Smith, *WHO urges holiday caution: "An event canceled is better than a life canceled"*, CNBC (December 21, 2021), https://www.cnbc.com/amp/2021/12/21/who-urges-holiday-caution-amid-spread-of-omicron-covid-variant.html?__source=instagram%7C main.
[13] *Miami criminal jury trials will be paused as COVID hits legal system*, Tampa Bay Times (December 22, 2021), https://tampabaytimes-fl.newsmemory.com/?publink=0f9b0c237_134603a.
[14] Sandra MacGregor, *What You Need To Know About Canada's Updated Domestic Travel Rules*, Forbes (December 21, 2021), https://www.forbes.com/sites/sandramacgregor/2021/12/21/what-you-need-to-know-about-canadas-updated-domestic-travel rules/?sh=15e43d486277.

There is no question that the IUOE event would be considered non-essential travel.

30. In light of the serious threat to public health resulting from COVID-19, the Delta variant, and the rapid rise of the Omicron variant, IUOE has communicated with the Hotel to discuss postponing or cancelling the 2022 conference. The parties could not reach an agreement.

31. Travel to and from the event will place many attendees in situations where their exposure to COVID-19 and potential serious illness is a statistical certainty. IUOE believes the public health crisis and the threat to the health and the lives of its 400 attendees will render performance under the Contract illegal, impossible or impracticable.

32. In October 2021, the IUOE initially discussed the possibility of canceling the event with the Hotel in light of the Delta variant.

33. On December 2, 2021, as a result of COVID-19, the Delta variant, and the rapid rise of the Omicron variant, IUOE notified the Hotel in writing that it was canceling the event due to its impossibility to perform in accordance with the terms of the Contract. A true and correct copy of the formal notice of cancellation is attached as "**Exhibit B**."

34. Since the October 2021 exchanges between IUOE and the Hotel, COVID-19 cases and deaths in Florida have continued to rise. On or around December 14, 2021, the COVID-19 death toll in the United States reached

800,000.[15] As of December 21, 2021, a few weeks before the start date of the conference, there have been at least 3,739,439 total confirmed cases and 62,192 deaths in Florida.[16]

35. On December 21, 2021, Orange County became the first county in Central Florida where the CDC rated the risk of community transmission as high.[17] As of December 21, 2021, state guidelines continue to advise refraining from congregating in groups larger than 10 or more people and practicing social distancing.[18]

36. The Hotel itself has publicly acknowledged the risks to the health, well-being, and even the lives of its guests. As of December 21, 2021, the Disney Resort Hotels website advises that "[a]n inherent risk of exposure to COVID-19 exists in any public place where people are present. COVID-19 is an extremely contagious disease that can lead to severe illness and death."[19]

---

[15] Center for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/covidview/index.html. (last accessed December 20, 2021).
[16] Devoun Cetoute, *Florida COVID update: New county case, death tolls as 12,915 more cases reported statewide*, Miami Herald (December 22, 2021), https://www.miamiherald.com/news/coronavirus/article256768437.html.
[17] Katie Sivco, *Orange County reverts to 'high' risk of COVID-19 transmission per CDC*, Wesh (December 21, 2021), https://www.wesh.com/article/orange-county-back-to-high-risk/38585161.
[18] Florida Covid-19 Website Prevention Page, https://floridahealthcovid19.gov/prevention/ (last accessed December 21, 2021).
[19] Disney Resort Hotels Website, https://disneyworld.disney.go.com/experience-updates/resorts/#modifications (last accessed December 22, 2021).

37. In contrast to its public statement on its COVID-19 response and precautions, the Hotel maintains that IUOE cannot exercise the force majeure clause of the Contract.

38. Against the backdrop of the Hotel's tone-deaf insistence that IUOE send its conference attendees into a dangerous environment, COVID-19 cases and deaths in Florida continue to rise, and the CDC guidelines continue to advise against large gatherings and promote social distancing of at least six feet.

39. Placing event attendees' health and their very lives at risk by compelling their attendance during this dangerous public health crisis renders performance under the Contract impossible. The knowing, intentional, and reckless exposure of hundreds of attendees traveling from all over North America to a life-threatening virus renders performance illegal.

40. As such, IUOE seeks a declaratory judgment from the Court with respect to its performance under the Contract.

## First Cause of Action
## Declaratory Judgment As To Force Majeure Clause
## Under 28 U.S.C. § 2201 and 28 U.S.C. § 2202

41. Plaintiff repeats and realleges Paragraphs 1 through 40 as though fully set forth herein.

42. An actual and present controversy has arisen as to the rights and duties of the parties to this action.

43. IUOE contends that the parties' performance under the Contract was made impossible and/or illegal due to the threat to the health and the lives of its attendees, thereby triggering the force majeure clause of the Contract.

44. The Hotel contends that the force majeure provision of the Contract does not apply in these circumstances and alleges that IUOE is liable to the Hotel for the cancellation fees.

45. IUOE has a reasonable expectation that its potential injury will continue into the future in the absence of declaratory relief.

46. IUOE has retained the undersigned counsel in connection with this matter and has become obligated to counsel for the payment of reasonable attorneys' fees in connection with the prosecution of this action.

47. IUOE is entitled to recover its reasonable attorneys' fees and costs in connection with this litigation. *See* Ex. A at 12.

**WHEREFORE**, IUOE requests that the Court enter a declaratory judgment under its equitable jurisdiction and/or pursuant to Fed. R. Civ. P. 57, 28 U.S.C. § 2201, and 28 U.S.C. § 2202 finding that: (a) the force majeure clause of the Contract applies; (b) that IUOE is excused from its performance and for any liability under the Contract; (c) that IUOE be awarded its reasonable attorneys' fees and costs in connection with this litigation; and (d) awarding IUOE any additional relief that the Court deems just and proper.

## Second Cause of Action
## Declaratory Judgment As To Impracticability Of Performance
## Under 28 U.S.C. § 2201 and 28 U.S.C. § 2202

48. Plaintiff repeats and realleges Paragraphs 1 through 40 as though fully set forth herein.

49. An actual and present controversy has arisen as to the rights and duties of the parties to this action.

50. IUOE contends that the parties' performance under the Contract is impracticable due to the serious risks of COVID-19 to the lives of the attendees.

51. IUOE has a reasonable expectation that its potential injury will continue into the future in the absence of declaratory relief.

52. IUOE has retained the undersigned counsel in connection with this matter and has become obligated to counsel for the payment of reasonable attorneys' fees in connection with the prosecution of this action.

53. IUOE is entitled to recover its reasonable attorneys' fees and costs in connection with this litigation. *See* Ex. A at 12.

**WHEREFORE**, IUOE requests that the Court enter a declaratory judgment under its equitable jurisdiction and/or pursuant to Fed. R. Civ. P. 57, 28 U.S.C. § 2201, and 28 U.S.C. § 2202 finding that the parties' performance is impracticable under the Contract. Under the doctrine of impracticability, IUOE requests that the Court enter an order finding that: (a) IUOE is excused

from its performance and for any liability under the Contract; (b) that IUOE be awarded its reasonable attorneys' fees and costs in connection with this litigation; and (c) awarding IUOE any additional relief that the Court deems just and proper.

### Third Cause of Action
### Declaratory Judgment As To Frustration of Purpose
### Under 28 U.S.C. § 2201 and 28 U.S.C. § 2202

54. Plaintiff repeats and realleges Paragraphs 1 through 40 as though fully set forth herein.

55. An actual and present controversy has arisen as to the rights and duties of the parties to this action.

56. IUOE contends that its performance under the Contract is excused due to frustration of purpose. The COVID-19 pandemic is a supervening and unforeseeable event which occurred more than two years after the Contract was executed. At the time of execution, the nonoccurrence of a pandemic and the ability to host a conference for 400 attendees without posing a threat to the safety and well-being of attendees was a basic assumption under which the Contract was made. The COVID-19 pandemic substantially frustrated the ability of the parties to safely host an indoor conference for 400 attendees from all over the United States and Canada.

57. IUOE has a reasonable expectation that its potential injury will continue into the future in the absence of declaratory relief.

58. IUOE has retained the undersigned counsel in connection with this matter and has become obligated to counsel for the payment of reasonable attorneys' fees in connection with the prosecution of this action.

59. IUOE is entitled to recover its reasonable attorneys' fees and costs in connection with this litigation. *See* Ex. A at 12.

**WHEREFORE**, IUOE requests that the Court enter a declaratory judgment under its equitable jurisdiction and/or pursuant to Fed. R. Civ. P. 57, 28 U.S.C. § 2201, and 28 U.S.C. § 2202 finding that the doctrine of frustration of purpose excuses IUOE's performance under the Contract. Under the doctrine of frustration of purpose, IUOE requests that the Court enter an order finding that: (a) IUOE is excused from its performance and for any liability under the Contract; (b) that IUOE be awarded its reasonable attorneys' fees and costs in connection with this litigation; and (c) awarding IUOE any additional relief that the Court deems just and proper.

Dated: December 28, 2021

    **/s/ Ailen Cruz**
Peter B. King (Lead Trial Counsel) (FBN: 57800)
pking@guerraking.com
Ailen Cruz (FBN: 105826)
acruz@guerraking.com
GUERRA KING P.A.
1408 N. Westshore Blvd., Suite 1010
Tampa, FL 33607

Phone: (813) 347-5100
Fax: (813) 347-5198
*Attorneys for Plaintiff International Union of Operating Engineers*